10-792-cv (L)
Gearren v. McGraw-Hill Cos., Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term 2010

(Argued: September 28, 2010      Decided: October 19, 2011)
Docket No. 10-792-cv (L) 10-934-cv(Con)

-----------------------------------------------------------x

PATRICK L. GEARREN, JAN DEPERRY, MARY SULLIVAN, HARVEY
SULLIVAN, and CYNTHIA DAVIS, on behalf of themselves and
all others similarly situated,

          Plaintiffs-Appellants,

                    -- v. --

THE MCGRAW-HILL COMPANIES, INCORPORATED, THE PENSION
INVESTMENT COMMITTEE OF MCGRAW-HILL, MARTY MARTIN, THE
BOARD OF DIRECTORS OF THE MCGRAW-HILL COMPANIES,
INCORPORATED, WINFRIED BISCHOFF, DOUGLAS N. DAFT, LINDA
KOCH LORIMER, HAROLD MCGRAW, HILDA OCHOA-BRILLEMBOURG,
MICHAEL RAKE, JAMES H. ROSS, EDWARD B. RUST, KURT L.
SCHMOKE, SIDNEY TAUREL, JOHN DOES 1-20, ROBERT J.
BAHASH, HENRY HIRSCHBERG, ALEX MATURRI, JAMES H.
MCGRAW, IV, DAVID L. MURPHY, JOHN C. WEISENSEEL,
KATHLEEN A. CORBET, PHIL EDWARDS, ROBERT P. MCGRAW, and
PEDRO ASPE,

          Defendants-Appellees.[*]

-----------------------------------------------------------x

B e f o r e :  WALKER, CABRANES, and STRAUB, Circuit Judges.

    Plaintiffs-Appellants appeal from a decision of the District

Court for the Southern District of New York (Richard J. Sullivan,

Judge) granting defendants' motion to dismiss plaintiffs' class-

---

[*]    The Clerk of Court is directed to amend the caption as set
forth above.

1

action complaints for failure to state a claim upon which relief can be granted. Plaintiffs, participants in two retirement plans offered by The McGraw-Hill Companies, Inc. ("McGraw-Hill"), brought suit alleging breach of fiduciary duty under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq. As in the companion Citigroup case, plaintiffs allege (1) that defendants acted imprudently by including employer stock as an investment option in the retirement plans and (2) that defendants failed to provide adequate and truthful information to participants regarding the status of employer stock. We hold that the facts alleged by plaintiffs are, even if proven, insufficient to establish that the defendants abused their discretion by continuing to offer Plan participants the opportunity to invest in McGraw-Hill stock. We also hold that plaintiffs have not alleged facts sufficient to prove that defendants made any statements, while acting in a fiduciary capacity, that they knew to be false. AFFIRMED.

Judge STRAUB dissents for substantially the same reasons expressed in his dissent and partial concurrence in In re: Citigroup ERISA Litigation, No. 09-3804-cv (2d Cir. **[DATE]**).

EDWIN J. MILLS, Stull, Stull & Brody, New York, NY (Michael J. Klein, Stull, Stull & Brody, New York, NY; Francis A. Bottini, Jr. Albert Y. Chang, Johnson Bottini, LLP, San Diego, CA, on the brief), for Plaintiffs-Appellants.

2

MYRON D. RUMELD, Proskauer Rose LLP, New York, NY (Russell L. Hirschhorn, Proskauer Rose LLP, New York, NY; Howard Shapiro, Proskauer Rose LLP, New Orleans, LA; Floyd Abrams, Susan Buckley, Tammy L. Roy, Cahill Gordon & Reindel LLP, New York, NY, on the brief), for Defendants-Appellees.

MICHAEL SCHLOSS, Senior Trial Attorney (M. Patricia Smith, Solicitor of Labor, Timothy D. Hauser, Associate Solicitor for Plan Benefits Security, Elizabeth Hopkins, Counsel for Appellate and Special Litigation, on the brief), United States Department of Labor, Washington, DC, for amicus curiae Hilda L. Solis, Secretary of the United States Department of Labor.

CAROL CONNOR COHEN, Arent Fox LLP, Washington, DC (Caroline Turner English, Arent Fox LLP, Washington, DC; Robin S. Conrad, Shane B. Kawka, National Chamber Litigation Center, Washington, DC), for amicus curiae Chamber of Commerce of the United States of America.

JOSEPH M. McLAUGHLIN, Simpson Thacher & Bartlett LLP, New York, NY (George S. Wang, Agnès Dunogué, Hiral D. Mehta, Simpson Thacher & Bartlett LLP, New York, NY; Ira D. Hammerman, Kevin M. Carroll, Securities Industry and Financial Markets Association, Washington, DC), for amicus curiae Securities Industry and Financial Markets Association.

3

PER CURIAM:

Plaintiffs-Appellants Patrick L. Gearren, Jan Deperry, Mary Sullivan, Harvey Sullivan, and Cynthia Davis, on behalf of themselves and a putative class of persons similarly situated ("Plaintiffs"), appeal from a decision of the District Court for the Southern District of New York (Richard J. Sullivan, Judge) granting defendants' motion to dismiss plaintiffs' complaints for failure to state a claim upon which relief can be granted.[1] Plaintiffs, participants in two retirement plans offered by The McGraw-Hill Companies, Inc. ("McGraw-Hill"), brought suit alleging breach of fiduciary duty under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq. As in the companion Citigroup case, plaintiffs allege (1) that defendants acted imprudently by including employer stock as an investment option in the retirement plans and (2) that defendants failed to provide adequate and truthful information to participants regarding the status of employer stock. We hold that the facts alleged by plaintiffs are, even if proven, insufficient to establish that the defendants abused their discretion by continuing to offer Plan participants the opportunity to invest in McGraw-Hill stock. We also hold that plaintiffs have not alleged facts sufficient to

---

[1] The district court consolidated for resolution two substantially identical complaints. All references in this opinion to the "Complaint" are to the complaint brought by plaintiffs Harvey and Mary Sullivan.

prove that defendants made any statements, while acting in a fiduciary capacity, that they knew to be false.

**BACKGROUND**

This case was argued in tandem with In re: Citigroup ERISA Litig., No. 09-3804-cv, which raised similar issues and which we decide by separate opinion filed today. The facts alleged by plaintiffs are substantially similar to those alleged in the Citigroup case. Plaintiffs are participants in one of two defined-contribution retirement plans offered by McGraw-Hill: the 401(k) Savings and Profit Sharing Plan of the McGraw-Hill Companies, Inc. and Its Subsidiaries (the "McGraw-Hill Plan") and the Standard and Poor's 401(k) Savings and Profit Sharing Plan for Represented Employees (the "S&P Plan") (collectively, the "Plans"). Both Plans are eligible individual account plans ("EIAPs"), 29 U.S.C. § 1107(d)(3)(A). The Plans allow McGraw-Hill employees to make pre-tax contributions from their salaries to individual retirement accounts. The employees are then able to allocate the funds within their accounts among a set of investment options. Each Plan was managed by Defendant Marty Martin, who served as McGraw-Hill's Vice President for Employee Benefits and as each Plan's name administrator, and by the Pension Investment Committee, which was responsible for selecting the investment options to be offered to Plan participants. The McGraw-Hill Stock Fund (the "Stock Fund"), which was "invested primarily in the Common Stock of [McGraw-

5

Hill]," remained an investment option in both Plans throughout the Class Period (December 3, 2006, through December 5, 2008), as mandated by the Plan documents.

Plaintiffs filed their class action complaint on June 12, 2009, following a drop in the price OF McGraw-Hill stock from $68.02 to $24.23 during the Class Period. The defendants are McGraw-Hill, Marty Martin, the Pension Investment Committee, and McGraw-Hill's Board of Directors. Plaintiffs challenge the defendants' management of the Plans and, in particular, the Stock Fund. They allege that McGraw-Hill became an imprudent investment option during the Class Period because its financial services division, Standard and Poor's (S&P), knowingly provided inflated ratings to financial products linked to the subprime-mortgage market. The public's discovery of these ratings practices, plaintiffs allege, led to the sharp drop in the price of McGraw-Hill stock.

Count I of plaintiffs' complaint alleges that the defendants breached their fiduciary duties by continuing to offer the Stock Fund as an investment option in the Plans throughout the Class Period, while "McGraw-Hill's true adverse financial and operating condition was being concealed." Compl. ¶ 86. Count II alleges that the defendants violated their duty of loyalty by making misrepresentations and nondisclosures regarding McGraw-Hill's financial condition and S&P's ratings practices. Compl. ¶ 93.

6

Counts III and IV are, in substance, derivative of Counts I and II. Count III alleges that the defendants violated their duty of loyalty by acting "in their own interests rather than solely in the interests" of the Plans' participants. Compl. ¶ 102. Finally, Count IV alleges that the Board of Director defendants failed to properly appoint, monitor, and inform the members of the Pension Investment Committee.

On February 10, 2010, the district court granted in full defendants' motion to dismiss. See Gearren v. McGraw-Hill Cos., Inc., 690 F. Supp. 2d 254 (S.D.N.Y. 2010). With respect to Count I, the district court held that the defendants were entitled to a presumption that their decision to offer the Stock Fund as an investment option was prudent. The court concluded that the facts alleged by plaintiffs were, if proven, insufficient to overcome the presumption. Id. at 265-70. The court also rejected Count II, finding that the defendants had no affirmative duty to disclose McGraw-Hill's financial position to Plan participants and that any alleged misrepresentations were not made in the defendants' capacity as ERISA fiduciaries. Id. at 271-73. The court dismissed Counts III and IV because they depended on the success of Counts I and II. Id. at 273.

Plaintiffs now appeal from the district court's judgment dismissing the complaint.

**DISCUSSION**

We review de novo the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6). Gallop v. Cheney, 642 F.3d 364, 368 (2d Cir. 2011). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We consider each of plaintiffs' claims in turn and conclude that plaintiffs have failed to state a claim for relief.

**I.  Count I:  Inclusion of the McGraw-Hill Stock Fund as an Investment Option**

Plaintiffs first argue that the district court erred by dismissing their claims that the defendants acted imprudently by continuing to allow plan participants to invest in McGraw-Hill stock during the Class Period. We disagree. As we explain in the companion Citigroup opinion, we adopt the Moench presumption and review defendants' decision to continue to allow Plan participants to invest in employer stock, in accordance with the Plans' terms, for an abuse of discretion. See Moench v. Robertson, 62 F.3d 553, 571 (3d Cir. 1995) ("[A]n ESOP fiduciary who invests the assets in employer stock is entitled to a presumption that it acted consistently with ERISA by virtue of that decision."). Plan fiduciaries are only required to divest

8

an EIAP or ESOP of employer stock where the fiduciaries know or should know that the employer is in a "dire situation."  Edgar v. Avaya, Inc., 503 F.3d 340, 348 (3d Cir. 2007).  "Mere stock fluctuations, even those that trend downward significantly, are insufficient to establish the requisite imprudence to rebut the presumption."  Wright v. Or. Metallurgical Corp., 360 F.3d 1090, 1099 (9th Cir. 2004).

Here, we agree with the district court that even if we assume that plaintiffs' allegations are proved, plaintiffs are unable to establish that defendants knew or should have known that McGraw-Hill was in a dire situation.  Plaintiffs' allegations relate entirely to operations within the Credit Market Services group of S&P, which is one of McGraw-Hill's three operating segments.  More specifically, plaintiffs allege that Credit Market Services provided inflated ratings to two structured-finance products:  collateralized debt obligations and residential mortgage backed securities.  Even if the defendant fiduciaries were aware of these problems in the Credit Market Services group of S&P, the facts alleged do not support plaintiffs' contention that defendants should have determined that McGraw-Hill itself was in a dire situation.  Defendants could not reasonably have foreseen, based on the information alleged to have been available to them at the time, the sharp decline in the price of McGraw-Hill stock that occurred after the

9

problems with S&P's ratings practices become public.  Moreover, they were not compelled to conclude that McGraw-Hill was in the kind of dire situation that would have required them to limit participants' investments in the Stock Fund.

**II.  Count II: Misstatements and Omissions**

Plaintiffs also allege that defendants breached their fiduciary duty of loyalty both by failing to disclose information about McGraw-Hill's financial condition to Plan participants and by making false or misleading statements about McGraw-Hill to the participants.  In the Citigroup opinion, we explained why we reject the argument that fiduciaries have a duty to disclose nonpublic information about the expected performance of the employer's stock.  Accordingly, plaintiffs cannot state a claim for relief based on defendants' failure to disclose to participants information regarding S&P's rating practices and, more generally, McGraw-Hill's financial strength.

Plaintiffs' claims that defendants made false or misleading statements or omissions regarding McGraw-Hill stock also cannot survive defendants' motion to dismiss.  The only specific false or misleading statements identified by defendants are those contained in SEC filings that were later incorporated into the Plans' Summary Plan Descriptions ("SPDs").  ERISA, however, only holds fiduciaries liable to the extent that they were "acting as a fiduciary . . . when taking the action subject to the

10

complaint." Pegram v. Herdrich, 530 U.S. 211, 226 (2000). Here, defendants who signed or prepared the SEC filings were acting in a corporate, rather than ERISA fiduciary, capacity when they did so. See Kirschbaum v. Reliant Energy, Inc., 526 F.3d 243, 257 (5th Cir. 2008) (defendants were not "acting in anything other than a corporate capacity" when preparing SEC filings). Therefore, in the circumstances presented here, these defendants may not be held liable under ERISA for misstatements contained in the SEC filings.

Plaintiffs also argue that because the Plans' SPDs incorporated the SEC filings, the SPDs contained the same misstatements as the SEC filings. Defendant Marty Martin, as the Plans' administrator, was responsible for distributing the SPDs to participants. 29 U.S.C. § 1021(a)(1). We have held that a fiduciary may be held liable for false or misleading statements when "the fiduciary knows those statements are false or lack a reasonable basis in fact." Flanigan v. Gen. Elec. Co., 242 F.3d 78, 84 (2d Cir. 2001). Plaintiffs have not provided any specific allegations as to how Martin knew or should have known that S&P's rating practices were improper or that, consequently, the SEC filings contained misstatements or omissions. While plaintiffs do allege in conclusory fashion that all of the defendants "knew or should have known of the material misrepresentations" contained in the SEC filings, Compl. ¶ 48, they provide no basis

11

for this conclusion, especially as it is applied to Martin, who served as McGraw-Hill's Vice President for Employee Benefits. Accordingly, plaintiffs have not adequately alleged that Martin made any intentional or knowing misstatements to Plan participants by incorporating SEC filings into the SPDs.

**III. Plaintiffs' Remaining Claims**

Finally, plaintiffs allege both that defendants failed to manage the Plans "solely in the interests of the Participants" and that the Board of Director defendants failed to properly appoint, monitor, and inform the members of the Plans' Pension Investment Committee about the condition of McGraw-Hill stock. Compl. ¶¶ 103, 109. Before both the district court and this court, plaintiffs have conceded that these secondary claims fail if plaintiffs are unable to survive Rule 12(b)(6) as to their primary claims, addressed above. <u>Gearren v. McGraw-Hill Cos., Inc.</u>, 690 F. Supp. 2d 254, 273 (S.D.N.Y. 2010); Plaintiffs-Appellants' Brief at 50. Accordingly, we affirm the district court's dismissal of plaintiffs' theories of secondary liability.

CONCLUSION

We have carefully considered all of appellants' other arguments and found them to be without merit. For the foregoing reasons, the judgment of the district court is hereby affirmed.