10-4061-cv
*In Re: SLM Corp. ERISA Litig.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of December, two thousand twelve.

PRESENT:

PIERRE N. LEVAL,
DEBRA ANN LIVINGSTON,
DENNY CHIN,
          *Circuit Judges.*

_____

JIM SLAYMON, Individually and on behalf of all others similarly situated, ALAN CORDERO, Individually and on behalf of all others similarly situated,
          *Plaintiffs*,

JITENDRA A. PATEL, Individually on behalf of all others similarly situated, ALEX CORDERO, Individually and on behalf of all others similarly situated,
          *Plaintiffs-Appellants*,

          -v.-                                                  No. 10-4061-cv

SLM CORP., DEPIETTO, SLM CORP. RETIREMENT COMMITTEE, ROBERT L. LORD, THOMAS J. FITZPATRICK, CHARLES ELLIOT (C.E.) ANDREWS, JOHN MCMANUS, JOHN AND JANE DOES 1 THROUGH 10, THE SALLIE MAE BOARD OF DIRECTORS, SANDRA MASINO, CHIEF ACCOUNTING OFFICER OF SALLIE MAE, INVESTMENT ADVISORY COMMITTEE, COMPENSATION COMMITTEE, ANN TORRE BATES, WILLIAM M. DIEFENDERFER, III, EARL A. GOODE, DIANE SUITT GILLELAND, RONALD F. HUNT, ALBERT L. LORD, BARRY A. MUNITZ, A. ALEXANDER PORTER, JR., WOLFGANG SCHOELKOPF, STEVEN L. SHAPIRO, ANTHONY P. TERRACCIANO, HOWARD NEWMAN, FRANK PULEO, BARRY L. WILLIAMS, JOHN DOES 1 THROUGH 10, BEING CURRENT AND FORMER MEMBERS OF THE RETIREMENT COMMITTEE OF SLM CORP., SALLIE MAE, CHARLES ELLIOT ANDREWS, J. LANCE

1

FRANKE, ROBERT LAVET, JONI REICH,
                                   *Defendants-Appellees*.

_____

PETER H. LEVAN (Edward W. Ciolko, Mark K. Gyandoh, *on the brief*), Kessler Topaz Metzler & Check, LLP, Radnor, Pennsylvania, *for Plaintiffs- Appellants*.

(Stephen J. Fearon, Jr., Garry T. Stevens, Jr., *on the brief*), Squitieri & Fearon, LLP, New York, New York, *for Plaintiffs- Appellants*.

BRIAN T. ORTELERE, Morgan, Lewis & Bockius LLP, New York, New York*, for all Defendants-Appellees.*

(Eric D. Reicin, *on the brief*), Deputy General Counsel, SLM Corp., Reston, Virginia, *for Defendant-Appellee SLM Corp*.

Appeal from the judgment of the United States District Court for the Southern District of New York (Pauley, *J.*).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that the judgment of the District Court entered September 24, 2010 is **AFFIRMED.**

Plaintiffs-Appellants Jitendra Patel and Alex Cordero ("Plaintiffs") appeal from a judgment granting Defendants-Appellees' ("Defendants") motion to dismiss the Second Consolidated Class Action Complaint in its entirety for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction. SLM Corp. ("SLM" or "Sallie Mae") is a private corporation that, during the Class Period, originated and issued student loans through the Federal Family Education Loan Program ("FFEL") and through its Private Education Loan Program ("PEL"). Plaintiffs were participants in the SLM Corp. Savings Plan ("Savings Plan"), an employee pension

2

benefit plan as defined by ERISA § 3(2A), 29 U.S.C. §1002(2A). Defendants allegedly served as fiduciaries of the Savings Plan and the SLM Corp. Retirement Plan ("Retirement Plan").

Plaintiffs contend that defendants breached (1) their duty of prudence by not divesting the Savings Plan of SLM stock when that stock became an imprudent investment; (2) their duty of loyalty by not disclosing material information to Savings Plan participants and by incorporating false or misleading statements into the Savings Plan documents; and (3) their duties to avoid conflicts of interest and monitor fellow fiduciaries. Plaintiffs also assert that they have standing to raise claims on behalf of the Retirement Plan participants although neither Plaintiff is, or ever has been, a participant in the Retirement Plan.

We review a district court's grant of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or 12(b)(1) *de novo*, construing the complaint liberally, accepting all well-pleaded factual allegations as true, and drawing all inferences in favor of the plaintiffs. *Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997). We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal, which we reference only as necessary to explain our decision to affirm.

*   *   *

1. *Duty of Prudence*

Plaintiffs allege that information known to the Defendants during the Class Period would have led a reasonable fiduciary to divest the Savings Plan of SLM stock before the stock's value fell from a high of $57.98 in July 2007 to $8.89 on September 9, 2010 -- the day on which Plaintiffs filed the Second Consolidated Class Action Complaint. Because the Savings Plan is an Employee Stock Option Plan ("ESOP") that requires that SLM stock be offered as an investment option, we

3

apply a heightened presumption of prudence pursuant to our holding in *In re Citigroup ERISA Litigation*, 662 F.3d 128, 138 (2d Cir. 2011). *See also Moench v. Robertson*, 62 F.3d 553, 571 (3d Cir. 1995) (first articulating the presumption of prudence). Under this presumption, we review a fiduciary's decision not to divest under an abuse-of-discretion standard. *Citigroup*, 662 F.3d at 140. To rebut this presumption, Plaintiffs must plausibly allege facts that show that Defendants knew or should have known that SLM was "in a 'dire situation' that was objectively unforeseeable by the settlor," such that a reasonable fiduciary would have divested the Savings Plan of SLM stock. *Id.* (quoting *Edgar v. Avaya, Inc.*, 503 F.3d 340, 348 (3d Cir. 2007)). Assuming *arguendo* that Defendants knew of the facts alleged, Plaintiffs' claim fails because reasonable fiduciaries with such knowledge could still disagree as to whether they were obligated to divest. *See id.* at 140-41; *see also Gearren v. The McGraw-Hill Cos.*, 660 F.3d 605, 610 (2d Cir. 2011).

Plaintiffs allege that by January 2007 SLM altered its conservative business model and began extending more loans to students attending nontraditional colleges and universities. According to the complaint, SLM failed to collect sufficient information to evaluate the risk of these "subprime" loans, did not maintain adequate capitalization for these loans, and improperly granted forbearances to hide the number of subprime loans in default. We accept these allegations as true. Nevertheless, the fact that a company possesses some risky assets is not enough cause by itself to justify divesting a plan of the company's stock. *See Citigroup*, 662 F.3d at 141 (holding presumption was not overcome where company's exposure to subprime loans caused its stock price to drop approximately the same percentage as SLM's stock price during the relevant time period). Here, the complaint alleges that, at most, SLM's subprime loans comprised between 13% and 15% of its PEL loans. The complaint makes no allegations with respect to loans issued through the FFEL program. Even

4

though these subprime loans ultimately accounted for a disproportionate share of the charge-offs, the Plaintiffs have not demonstrated that, at the time, a reasonable fiduciary could have predicted the impact on SLM's stock price.

Plaintiffs assert that the presence of other warning signs distinguish this case from *Citigroup* and indicate that a reasonable fiduciary would have divested the Savings Plan of SLM stock. However, these additional factors, such as the failure of a merger with a private equity firm and the triggering of equity forward contracts, do not necessarily portend future financial difficulties and would not have indicated that SLM was actually in a "dire situation." Similarly, while the reduction of federal subsidies in the College Cost Reduction and Access Act of 2007, Pub. L. No. 110-84, 121 Stat. 784, negatively impacted SLM, a reasonable fiduciary would not have concluded that SLM was in a dire situation.

2. *Additional Claims*

Plaintiffs assert four additional claims for breach of fiduciary duty, but none are availing. First, as we have previously held, ERISA fiduciaries do not have a general duty to disclose nonpublic investment information to plan participants beyond what is called for in ERISA's "comprehensive set of reporting and disclosure requirements." *Citigroup*, 662 F.3d at 142-43 (quoting *Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 83 (1995)) (internal quotation marks omitted). Here, the Savings Plan documents, which include a general warning that investing in undiversified stock is riskier than other investment options, satisfy ERISA's requirements.

Second, assuming *arguendo* that SLM's SEC filings included false or misleading information and that those filings were incorporated into the Savings Plan documents, Plaintiffs still fail to state a claim for making false and misleading statements because there is no basis on which to conclude

5

that the fiduciaries who incorporated those filings into the Savings Plan documents knew, at the time that the filings were incorporated, that the statements were false or misleading. *See Gearren*, 660 F.3d at 611. Moreover, the complaint fails plausibly to allege that the Defendants, including SLM Corp. and CEO Albert Lord, who originally made the allegedly false or misleading statements, did so while acting in a *fiduciary* capacity, rather than in a *corporate* capacity. As such, Plaintiffs' claim is foreclosed by our holdings in *Citigroup*, 662 F.3d at 144, and *Gearren*, 660 F.3d at 611.

Lastly, we agree with the district court that Plaintiffs' claim for breach of duty to monitor other fiduciaries is derivative of Plaintiffs' other claims. Because Defendants did not otherwise breach their fiduciary duties, this claims also fails. In addition, Plaintiffs' allegation that Defendants breached their duty to avoid conflicts -- which is based predominately on stock sales and equity-based incentive compensation -- is, without more, insufficient to state a conflict of interest claim. *See Citigroup*, 662 F.3d at 145-46.

3. *Standing*

We also affirm the district court's dismissal of the claims against the Retirement Plan for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Here, Plaintiffs were never participants in the Retirement Plan and lack constitutional standing to bring claims against fiduciaries of that Plan. Even though the fiduciaries for the two plans overlap, the plans have separate governing documents, and the decision not to divest the Retirement Plan of SLM stock must be viewed separately from the decision not to divest the Savings Plan of SLM stock. A favorable ruling against the Retirement Plan fiduciaries requiring them to compensate the aggrieved Retirement Plan participants would not guarantee a similar outcome for the aggrieved Savings Plan participants and, thus, would afford Plaintiffs no relief. Moreover, Plaintiffs fail to allege any

6

general harm that would be cured by granting injunctive relief to participants of the Retirement Plan. Because Plaintiffs cannot satisfy redressability, they lack standing under Article III. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *Kendall v. Emps. Ret. Plan of Avon Prods.*, 561 F.3d 112, 120-21 (2d Cir. 2009).

We have reviewed Plaintiffs' remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7