14-4009

*Debra Taveras, on behalf of herself and all others similarly situated, et al. v. Peter Kurer, et al., and UBS AG, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of April, two thousand fifteen.

PRESENT:  AMALYA L. KEARSE,
                      RICHARD C. WESLEY,
                                 *Circuit Judges.*[*]

─────────────────────

DEBRA TAVERAS, on behalf of herself and all others similarly situated, MARY MCKEVITT, BRIAN LUDLUM, BRIAN STANISLAUS,

                           *Plaintiffs-Appellants,*

        -v.-                                                     No. 14-4009

─────────────────────

[*] The Honorable Barrington D. Parker, who was originally a member of the panel, recused himself; the appeal is being decided by the remaining two members of the panel, who are in agreement.  *See* Local Rule § 0.14.

1

UBS AG, EDWARD O'DOWD, BARBARA AMONE, PER DYRVIK, RETIREMENT BOARD AND SAVINGS PLAN COMMITTEE, EXECUTIVE BOARD OF UBS AG, JOE SCOBY, ROBERT WOLF, MARTEN HOEKSTRA, STEPHEN BAIRD, SIMON CANNING, MICHAEL DALY, RICHARD DURON, URSULA MILLS, JAIME TAICHER, UBS AMERICAS, INC., UBS FINANCIAL SERVICES INC., UBFS BOARD OF DIRECTORS, DIANNE FRIMMEL, JOHN HANNASCH, ROBERT CHERSI, MICHAEL WEISBERG, EXECUTIVE COMMITTEE OF UBS FINANCIAL SERVICES INC., UBS FINANCIAL SERVICES INC. INVESTMENT COMMITTEE, KEN CASTANELLA, EARLE DODD, MARILEE FERONE, WILLIAM FREY, MATTHEW LEVITAN, ED O'CONNOR, KEVIN RUTH, RHONDA VIAPIANO,BENEFITS ADMINISTRATIVE COMMITTEE OF THE UBS FINANCIAL SERVICES INC. 401K PLUS PLAN, ROBERT MCCORMICK,

*Defendants-Appellees.*

---

FOR APPELLANTS:     MARK C. RIFKIN (Michael Jaffe, Beth A. Landes, Wolf Haldenstein Adler Freeman & Herz LLP, New York, NY; Todd S. Collins, Ellen T. Noteware, Berger & Montague, P.C., Philadelphia, PA; Thomas J. McKenna, Gregory M. Egleston, Gainey McKenna & Egleston, New York, NY, *on the brief*), Wolf Haldenstein Adler Freeman & Herz LLP, New York, NY.

FOR APPELLEES:     ROBERT J. GIUFFRA, JR. (Suhana S. Han, Matthew A. Schwartz, Thomas C. White, Justin Lo, *on the brief*), Sullivan & Cromwell LLP, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Richard J. Sullivan, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Plaintiffs-Appellants appeal from a final judgment in the United States District Court for the Southern District of New York (Sullivan, J.) granting Defendants-Appellees' motion to dismiss Taveras's claims brought pursuant to the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, for lack of constitutional standing, denying Plaintiffs leave to further amend the Amended Complaint, and denying the motion of Plaintiffs-Appellants Brian Ludlum, Mary McKevitt, and Brian Stanislaus ("Plus Plan Plaintiffs") to reinstate their own ERISA claims, which were dismissed in 2011, the dismissal of which was affirmed by this Court in 2013, *see Taveras v. UBS AG*, 513 Fed. App'x 19 (2d Cir. 2013) ("*Taveras I-A*"); *see also* companion opinion in *Taveras v. UBS AG*, 708 F.3d 436, 444 (2d Cir. 2013) ("*Taveras I-B*"). We assume the parties' familiarity with the underlying facts, procedural history, and issues for review.

Taveras, a "SIP Plan" participant, rather than a Plus Plan participant, argues that the Amended Complaint "sufficiently alleges that Plaintiff suffered individual damages and thereby sufficiently alleges Plaintiff's standing at the pleading stage." Appellant's Br. 20–21. We review *de novo* the district court's decision granting a motion to dismiss for lack of standing, *see Wight v.*

3

*BankAmerica Corp.*, 219 F.3d 79, 86 (2d Cir. 2000), "accept[ing] as true all material allegations of the complaint," *Warth v. Seldin*, 422 U.S. 490, 501 (1975). The "irreducible constitutional minimum" of standing requires, *inter alia*, that (1) the plaintiff "have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical," and (2) the injury be "fairly trace[able] to the challenged action of the defendant." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (other internal quotation marks and citations omitted). An ERISA plan participant lacks standing to sue for ERISA violations that cause injury to a plan but not individualized injury to the plan participant. *See Kendall v. Employees Retirement Plan of Avon Products*, 561 F.3d 112, 119 (2d Cir. 2009).

The Amended Complaint alleges in relevant part that "[a]s a direct and proximate result of the breaches of fiduciary duties alleged herein, the Plans, and *indirectly* Plaintiffs and the Plans' other Participants and beneficiaries, lost a significant portion of their investments . . . ." Amended Complaint ¶ 236 (emphasis added). Taveras attempts to demonstrate injury-in-fact by showing diminution in the value of SIP's assets generally. However, SIP participants, such as Taveras, directed their own investment choices from a menu of options

4

selected by SIP's fiduciaries.  It was possible that the SIP lost value while Taveras's individual account did not.  Even if Taveras's account lost value after she purchased shares of the UBS Company Stock Fund, we agree with the district court that the Amended Complaint does not allege any facts connecting her "purported losses to the fiduciaries' alleged breaches," *In re UBS Erisa Litig.*, No. 08-CV-6696 (RJS), 2014 WL 4812387, at *6 (S.D.N.Y. Sept. 29, 2014).  Failure to allege individualized harm goes directly to constitutional standing and is fatal to Taveras's Amended Complaint.  *See Kendall*, 561 F.3d at 119–20.

Taveras contends that the district court erred in denying her leave to amend her Amended Complaint to cure her failure to properly allege constitutional standing.  Appellant's Br. 24–26.  Taveras argued to the district court and this Court that documents in the record summarized her SIP account investments and trading history and showed her standing.  Defendants disagreed that the documents to which Taveras pointed would suffice to show her standing, and to a large extent the parts of the record to which Taveras pointed are opaque.  In any event, however, Taveras acknowledges that she did not make any motion in the district court for leave to file a further amended complaint in order to add new allegations showing individualized harm with

5

respect to the issue of standing. "For that reason alone, the district court was justified in not providing [Taveras] with an additional opportunity to replead . . . ." *Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 140 (2d Cir. 2011). This is especially so here, given that Taveras filed her original complaint in July 2008, has amended that complaint twice, and has been on notice of Defendants' challenge to her constitutional standing at least since their motion to dismiss her Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) in September 2013, a year prior to the district court's decision dismissing her claims. In light of these circumstances, we conclude that the district court was under no obligation to provide Taveras with leave to amend her Amended Complaint.

The Plus Plan Plaintiffs, whose actions had been consolidated with the SIP Plan action brought by Taveras, contend that the district court erred in denying their motion to revive their duty-of-prudence claims in light of the Supreme Court's decision in *Fifth Third Bancorp v. Dudenhoeffer*, 134 S. Ct. 2459 (2014). *See* Appellant's Br. 36. In March 2011, the district court granted Defendants' motion to dismiss the entire consolidated Amended Complaint, including the Plus Plan Plaintiffs' duty-of-prudence claims, holding that the fiduciaries of both plans were entitled to the then-established "presumption of prudence" under *Moench*

6

*v. Robertson*, 62 F.3d 553 (3d Cir. 1995). On appeal from the final judgment, we affirmed the dismissal of all of the Plus Plan Plaintiffs' claims. *Taveras I-A*, 513 F. App'x at 24. The Plus Plan Plaintiffs filed a motion for panel rehearing or rehearing *en banc* on their duty-of-prudence claims, which we denied. *Taveras v. UBS AG*, No. 12-1662, Order at 2 (2d Cir. May 6, 2013), ECF No. 103. The time to petition for a writ of *certiorari* expired on August 5, 2013, rendering the judgment dismissing those claims final. *See Bradley v. Sch. Bd. of Richmond*, 416 U.S. 696, 711 n.14 (1974); *see generally* 28 U.S.C. § 1254(1) (Supreme Court may review a decision by the court of appeals "[b]y writ of certiorari granted upon the petition of any party . . . before or after rendition of judgment or decree"); *id.* § 2101(c) (deadline for petition for writ of certiorari in a civil action is "ninety days after the entry of such judgment or decree"); *Salazar v. Buono*, 559 U.S. 700, 711–12, 723, 729, 738 n.2, 760–61 (2010) (on review of ultimate judgment, the government lost the right to challenge plaintiff's standing to pursue his original claim because, after the court of appeals affirmed the rejection of the standing challenge with respect to that claim in an earlier stage of the case, the Government did not petition for a writ of certiorari). "[T]he res judicata consequences of a final, unappealed judgment on the merits [are not] altered by

7

the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). That *Moench* is no longer good law does not revive the Plus Plan Plaintiffs' duty-of-prudence claims and the district court did not abuse its discretion in denying their motion to revive those claims.

We have considered Plaintiffs' remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk