13-2504-cv(L)
*G. Kenneth Coulter, et al. v. Morgan Stanley & Co. Inc., et al.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

————

August Term, 2013

(Argued: March 28, 2014    Decided: May 29, 2014)

Docket Nos. 13-2504-cv(L), 13-2509-cv(con)

————

G. KENNETH COULTER, JOHN SIEFKEN, GREGORY MAJOR, MICHAEL
CHIEKO, ELI MOND, JOHN SUDOLSKY, on behalf of themselves and all others
similarly situated, CAROLYN EGAN, on behalf of herself and all others similarly
situated, CELESTE MARTINEZ, on behalf of herself and all others similarly
situated,

*Plaintiffs-Appellants*,

ELENA RAMOS, ALVIN SAINI,

*Plaintiffs*,

−v.−

MORGAN STANLEY & CO. INCORPORATED, MORGAN STANLEY, THE
INVESTMENT COMMITTEE OF THE MORGAN STANLEY 401(K) PLAN, THE
MORGAN STANLEY GLOBAL DIRECTOR OF HUMAN RESOURCES, JOHN J.
MACK, KAREN JAMESLEY, WALID A. CHAMMAH, CHARLES CHASIN,
JAMES P. GORMAN, ELLYN A. McCOLGAN, MICHAEL J. PETRICK,
MICHAEL RANKOWITZ, MICHAEL T. CUNNINGHAM, R. BRADFORD
EVANS, KIRSTEN FELDMAN, EDMUND C. PUCKHABER, WILLIAM B.
SMITH, JOHN DOES DEFENDANTS 1-10, THOMAS C. SCHNEIDER,

RICHARD PORTOGALLO, NEIL A. SHEAR, CORDELL G. SPENCER, CAITLIN LONG, ZOE CRUZ, JOHN DOE, 1-30, JOHN DOES 1-10, UNKNOWN MEMBERS OF THE MANAGEMENT DEFENDANTS, JOHN DOES 11-20, UNKNOWN MEMBERS OF THE INVESTMENT COMMITTEE, JOHN DOES 21-30, UNKNOWN MEMBERS OF THE PLAN ADMINISTRATOR DEFENDANTS,

*Defendants-Appellees,*

ROY J. BOSTOCK, ERSKINE B. BOWLES, ROBERT C. KIDDER, DONALD T. NICOLAISEN, CHARLES H. NOSKI, HUTHAM S. OLAYAN, CHARLES E. PHILLIPS, JR., LAURA D. TYSON, KLAUS ZUMWINKEL, O. GRIFFITH SEXTON,

*Defendants.*[*]

————————

Before:

WESLEY, CARNEY, *Circuit Judges*, RAKOFF, *District Judge*.[**]

————————

Appeal from two March 28, 2013 orders in related cases by the United States District Court for the Southern District of New York (Deborah A. Batts, *Judge*). In these related cases, Plaintiffs-Appellants allege various violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* The district court granted Defendants-Appellees' Rule 12(b)(6) motions to dismiss on the basis that the *Moench* presumption of fiduciary prudence applies to Defendants-Appellees' conduct and that Plaintiffs-Appellants fail to rebut this presumption. Although we make no judgment as to this finding, we conclude that the challenged conduct did not trigger fiduciary

---

[*] The Clerk of the Court is directed to amend the official caption as noted above.
[**] The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

liability under ERISA, and therefore AFFIRM the district court's dismissals on this alternative basis.

MICHAEL JAFFE, Wolf Haldenstein Adler Freeman & Herz LLP, New York, NY (Mark C. Rifkin, Wolf Haldenstein Adler Freeman & Herz LLP, New York, NY; Sanford P. Dumain, Lori G. Feldman, Arvind Khurana, Milberg LLP, New York, NY; Robert I. Harwood, James G. Flynn, Tanya Korkhov, Harwood Feffer LLP, New York, NY; Thomas J. McKenna, Gainey & McKenna, New York, NY; Jeffrey Abraham, Abraham, Fruchter & Twersky, LLP, New York, NY; Milo Silberstein, Dealy Silberstein & Braverman, LLP, New York, NY, *on the brief*), *for Plaintiffs-Appellants*.

ROBERT F. WISE, JR. (Charles S. Duggan, Elyse Jones Cowgill, Andrew Ditchfield, *on the brief*), Davis Polk & Wardwell LLP, New York, NY, *for Defendants-Appellees.*

_____

PER CURIAM:

Appeal from two March 28, 2013 orders in related cases by the United States District Court for the Southern District of New York (Deborah A. Batts, *Judge*). In these related cases, Plaintiffs-Appellants ("Plaintiffs") allege violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* The district court, in finding that the *Moench* presumption of prudence applies to Defendants-Appellees' conduct and that Plaintiffs fail to

3

rebut this presumption, granted Defendants-Appellees' Rule 12(b)(6) motions to dismiss.  Although we make no ruling as to this finding, we conclude that the challenged conduct did not trigger fiduciary liability under ERISA and therefore **AFFIRM** the district court's dismissals on this alternative ground.

## BACKGROUND

Plaintiffs comprise a class of individuals who participated in the Morgan Stanley 401(k) Plan and the Morgan Stanley Employee Stock Ownership Plan (collectively, the "Plans").  The Plans are "defined contributions plan[s]" or "individual account plan[s]" within the meaning of ERISA § 3(34), 29 U.S.C. § 1002(34), and were designed to provide eligible Morgan Stanley employees with a source of retirement income through tax-deferred participant contributions and matching employer contributions.[1]  In January 2007 and January 2008, Morgan Stanley elected, pursuant to its express authority under the Plans, to make its employer contributions to the Plans in the form of Morgan Stanley stock ("Company Stock") instead of cash.

---

[1] For a more detailed review of the Plans, the parties, and Plaintiffs' allegations, see *In re Morgan Stanley ERISA Litig.*, No. 07 CIV. 11285 (DAB), 2013 WL 1267551 (S.D.N.Y. Mar. 28, 2013), and *In re Morgan Stanley ERISA Litig.*, 696 F. Supp. 2d 345, 350-53 (S.D.N.Y. 2009).

4

Between December 14, 2007 and February 6, 2008, after Morgan Stanley's stock price plunged in conjunction with the broader economic downturn,[2] Plaintiffs filed five complaints related to the Plans. *See In re Morgan Stanley ERISA Litig.*, 696 F. Supp. 2d 345, 349-50 (S.D.N.Y. 2009). The actions sought to recover for losses the Plans suffered as a result of the drop in Morgan Stanley's stock price.

On July 28, 2008, after these cases were consolidated pursuant to Federal Rule of Civil Procedure 42(a), Plaintiffs filed a Consolidated Amended Class Action Complaint (the "*MS I* Complaint"). *See id.* at 350. The *MS I* Complaint, which the district court dismissed in one of the appealed-from orders, alleges, *inter alia*, that Defendants violated various ERISA fiduciary duties by electing to make Morgan Stanley's Plan contributions for the 2006 and 2007 Plan years in Company Stock instead of cash. Although the *MS I* Complaint named additional defendants,[3] the defendants relevant to this claim include Morgan Stanley

---

[2] At the end of 2007, the total combined value of Company Stock in the Plans was approximately $2.2 billion. At the end of 2008, Plan assets in Company Stock had dropped to roughly $675,000,000. With limited exception, the Plans called for employer contributions, once made, to be invested in Company Stock.

[3] For instance, the *MS I* Complaint also named the Plan Administrator with respect to Plaintiffs' claims alleging failure to prudently invest Plan assets. Apparently in light of our decisions in *Citigroup* and *Gearren* (cited and discussed in the text, *infra*), Plaintiffs

5

("Morgan Stanley" or "Company"); John Mack ("Mack"), the Chairman of Morgan Stanley's Board of Directors and Morgan Stanley's Chief Executive Office; Morgan Stanley & Co. Inc. ("MS & Co."); and MS & Co.'s Board of Directors ("MS & Co. Board") (collectively, "Defendants").

On September 26, 2008, Defendants filed a Motion to Dismiss, which Judge Robert W. Sweet denied on December 9, 2009.[4] *Id.* at 349. The parties then proceeded with discovery, and on January 25, 2011, Magistrate Judge Andrew J. Peck limited discovery to the period from the start date alleged in the *MS I* Complaint to the date on which the *MS I* Complaint was filed. The class period in *MS I* accordingly runs from November 30, 2006 through July 25, 2008.[5] On March 16, 2011, in response to the January 2011 discovery ruling, Plaintiffs commenced *MS II*, the second related case, which asserts essentially the same claims but for a purported class period of January 2, 2008 through December 31, 2008.

---

decided to limit their appeal to claims relating to Company contributions and therefore do not challenge the dismissal of prudent investing claims vis-à-vis the Plans' named Administrator.

[4] This action was reassigned to the Honorable Deborah A. Batts on December 15, 2009.

[5] Although the *MS I* Complaint alleges a start date of August 9, 2006, plaintiffs subsequently shortened the class period by changing the start date to November 30, 2006.

Before discovery had concluded in *MS I* or *MS II*, this Court decided *In re Citigroup ERISA Litigation*, 662 F.3d 128 (2d Cir. 2011) ("*Citigroup*"), and *Gearren v. McGraw Hill Cos.*, 660 F.3d 605 (2d Cir. 2011) (per curiam) ("*Gearren*"). These opinions adopted the *Moench* "presumption of prudence," a pleading standard that presumes plan fiduciaries act in "compliance with ERISA when [a plan] fiduciary invests assets in the employer's stock." *Citigroup*, 662 F.3d at 137 (citing *Moench v. Robertson*, 62 F.3d 553 (3d Cir. 1995)); *Gearren*, 660 F.3d at 610 (same). When applicable, the presumption can be overcome only by alleging that the underlying "circumstances plac[ed] the employer in a 'dire situation.'" *Id*. at 140.

In light of *Citigroup* and *Gearren*, Defendants renewed their motion to dismiss in *MS I* and filed a corresponding motion to dismiss in *MS II*. Defendants argued (1) that the "presumption of prudence" standard applied to Plaintiffs' claims and (2) that Plaintiffs had failed to allege circumstances placing the Company in the "dire situation" necessary to overcome the presumption.

On March 28, 2013, the district court issued two orders dismissing the two related cases. *See In re Morgan Stanley ERISA Litig.*, No. 07 CIV. 11285 (DAB), 2013 WL 1267551 (S.D.N.Y. Mar. 28, 2013) (the "*MS I* Dismissal"); *Coulter v. Morgan Stanley & Co., Inc.*, 936 F. Supp. 2d 306 (S.D.N.Y. 2013) (the "*MS II*

7

Dismissal").  The district court declined to reverse its prior ruling that Defendants were fiduciaries under ERISA because they had "authority to determine whether to make contributions in either cash or Company [S]tock," but applied the *Moench* "presumption of prudence" and determined that Plaintiffs had not alleged the existence of dire circumstances during the class periods.  *MS I* Dismissal, 2013 WL 1267551, at *3-5; *MS II* Dismissal, 936 F. Supp. 2d at 315-19.

On appeal, Plaintiffs challenge these dismissals and seek primarily to reinstate their claims that Defendants breached their duty of prudence by electing to satisfy Company contribution obligations for the 2006 and 2007 Plan years with Company Stock instead of cash.  Plaintiffs also seek to reverse the district court's dismissal with prejudice of their ERISA claims against Defendants concerning (1) conflict of interest, (2) failure to properly monitor, and (3) co-fiduciary duties.  We affirm the district court's dismissals because the challenged conduct, even if it negatively impacted the Plans, did not occur in the performance of a fiduciary function and therefore cannot trigger fiduciary liability under ERISA.  Absent fiduciary liability, Plaintiffs' secondary claims also fail.

## DISCUSSION

We review the district court's grant of a motion to dismiss *de novo*, but may affirm on any basis supported by the record. *See Scott v. Fischer*, 616 F.3d 100, 105 (2d Cir. 2010).

### 1. ERISA Duty of Prudence

"In every case charging breach of ERISA fiduciary duty . . . the threshold question is . . . whether that person was acting as a fiduciary (that is, was performing a fiduciary function) when taking the action subject to complaint." *Pegram v. Herdrich*, 530 U.S. 211, 226 (2000); *see also* 29 U.S.C. §§ 1002(21)(A), 1109.[6] It is undisputed that Defendants were not named fiduciaries under the Plans. Plaintiffs' claims may therefore lie against Defendants only to the extent that Defendants, in electing to make Company contributions with Company Stock, acted as *de facto* fiduciaries.

Even if not a named fiduciary, a person is a *de facto* fiduciary under ERISA "to the extent" she, *inter alia*, (a) "exercises any discretionary authority or

---

[6] It is undisputed that each Defendant is a "person" under ERISA. "The term 'person' means an individual, partnership, joint venture, corporation, mutual company, joint-stock company, trust, estate, unincorporated organization, association, or employee organization." 29 U.S.C. § 1002(9).

9

discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets," or (b) "has any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. §§ 1002(21)(A); *accord Mertens v. Hewitt Assocs.*, 508 U.S. 248, 251-52 (1993). We have previously explained that "[u]nder this definition, a person may be an ERISA fiduciary with respect to certain matters but not others"; fiduciary status exists only "to the extent" that the person "has or exercises the described authority or responsibility" over a plan. *F.H. Krear & Co. v. Nineteen Named Trs.*, 810 F.2d 1250, 1259 (2d Cir. 1987).

Plaintiffs allege that Morgan Stanley, MS & Co. and the MS & Co. Board acted as *de facto* fiduciaries because "each provided Defendant Mack with the authority and means to fund Company Contributions with Company Stock." Appellant's Br. 21. According to Plaintiffs, Mack is a *de facto* fiduciary because "he had the authority to determine whether to fund Company Contributions in cash or Company Stock and exercised such authority by satisfying all such obligations with Company Stock." *Id*.

Even assuming that Defendants had full authority and discretion to satisfy Company contributions in stock or cash, the exercise of this discretion does not

10

constitute fiduciary conduct under ERISA; the discretionary act must be undertaken with respect to plan management or administration. *See* 29 U.S.C. § 1002(21)(A); *Lockheed Corp. v. Spink*, 517 U.S. 882, 890 (1996). In defining the scope of a fiduciary's duty under ERISA, courts have distinguished between fiduciary functions, which give rise to ERISA liability, and "settlor" functions, which are akin to actions taken by the settlor of a trust and do not trigger ERISA liability. *See, e.g.*, *Spink*, 517 U.S. at 890; *Flanigan v. Gen. Elec. Co.*, 242 F.3d 78, 88 (2d Cir. 2001); *Akers v. Palmer*, 71 F.3d 226, 231 (6th Cir. 1995). Fiduciary functions include, for instance, "the common transactions in dealing with a pool of assets: selecting investments, exchanging one instrument or asset for another, and so on." *Harris Trust & Sav. Bank v. John Hancock Mut. Life Ins. Co.*, 302 F.3d 18, 28 (2d Cir. 2002) (quoting *Johnson v. Georgia-Pacific Corp.*, 19 F.3d 1184, 1189 (7th Cir. 1994)). "Settlor" functions, in contrast, include conduct such as establishing, funding, amending, or terminating a plan. *See Spink*, 517 U.S. at 890; *Flanigan*, 242 F.3d at 88; *Akers*, 71 F.3d at 231. One treatise on the subject similarly states that non-fiduciary duties generally include "decisions relating to the timing and amount of contributions." Lee T. Polk, ERISA Practice and Litigation § 3:32 (2013).

In *Akers*, trust beneficiaries appealed the district court's dismissal of their suit challenging a company board's decision to create and initially fund a plan in company stock at fair market value. *See* 71 F.3d at 228. The Sixth Circuit affirmed; in addition to questioning plaintiffs' underlying legal theory, the court determined that the board's decision to establish and initially fund a plan with newly-issued stock did not constitute fiduciary conduct under ERISA. *See id*. at 231. At a basic level, the board's decisions constituted "the act of a settlor, immune from scrutiny under" ERISA. *Id.* This conclusion was reinforced by the fact that the challenged conduct occurred prior to the fund's existence; absent existing assets, the conduct could not have involved fund management or administration. *Id.*

We see no reason to reach a different result here. Unlike in *Akers*, Defendants' decision to make Company contributions in Company Stock occurred after the fund was already active. This distinction does not alter the underlying analysis. Just as in *Akers*, Defendants' decision to fund Company contributions in Company Stock could not constitute a fiduciary act because, at the time of the decision, the Company Stock was not a Plan asset. *See id.*; *see also In re Wachovia Corp. ERISA Litig.*, No. 3:09CV262, 2010 WL 3081359 (W.D.N.C.

12

Aug. 6, 2010).  More broadly, Defendants were not fiduciaries because they had "no authority or responsibility over" either Plan.  *Flanigan*, 242 F.3d at 87.  As alleged by Plaintiffs, Defendants were not named fiduciaries and their discretion began and ended with selecting the form of Company contributions.

Finally, Defendants' decision to fund the Plans with Company Stock does not constitute fiduciary conduct even if the challenged conduct negatively impacted the Plans.  As stated above, fiduciary status turns on ERISA's plain language and does not exist simply because an employer's business decision proves detrimental to a covered plan or its beneficiaries.  "[T]he employer acts as a fiduciary when administering a plan but not when designing or making business decisions allowed for by a plan, even though in all three situations its determinations may impact on its employees."  *Noorily v. Thomas & Betts Corp.*, 188 F.3d 153, 158 (3d Cir. 1999).  Courts have consistently explained that conflicts may exist between an employer's interests and an employee's interests and that, as a result, settlor functions may detrimentally impact a benefits plan.  *See, e.g.*, *Akers*, 71 F.3d at 231.  We see no reason to deviate from this well-reasoned analysis.  The challenged conduct, even to the extent detrimental to the Plans, was not undertaken in performance of a fiduciary function.

## 2. Plaintiffs' Additional Claims

Plaintiffs also challenge the district court's dismissals of their related claims alleging (1) conflict of interest, (2) failure to properly monitor, and (3) co-fiduciary duty violations.

Plaintiffs' conflict of interest claim against Defendant Mack fails for at least two reasons. First, because Mack's decision to fund the Plans with Company stock did not constitute a fiduciary function, Mack had no fiduciary duty under ERISA to avoid a conflict of interest. Second, even had the challenged conduct triggered fiduciary liability, Plaintiffs fail to state a claim because they allege only that Mack decided to fund the Plans with Company Stock as a result of bias stemming from his personal investment in Company Stock. In *Citigroup*, we stated that a conflict of interest claim cannot "be based solely on the fact that an ERISA fiduciary's compensation was linked to the company's stock." 662 F.3d at 146. The district court properly dismissed Plaintiffs' conflict of interest claim, which alleged no more than this.

Plaintiffs' latter two claims – failure to monitor and breach of co-fiduciary duty – constitute derivative claims that cannot survive absent a viable claim for breach of a duty of prudence. Because the underlying duty of prudence claim

14

fails, so do these derivative claims.  *See Rinehart v. Akers*, 722 F.3d 137, 154 (2d Cir. 2013).

Finally, Plaintiffs contend that the district court abused its discretion in dismissing their claims with prejudice.  *See Williams v. Citigroup Inc.*, 659 F.3d 208, 212 (2d Cir. 2011).  We disagree.  Plaintiffs have identified no facts that, if alleged, would establish a valid claim.  The district court therefore did not abuse its discretion because any amendment to the allegations concerning Defendants' fiduciary status would be futile.  *See Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002).

## CONCLUSION

We have considered all of Plaintiffs' arguments and find them to be without merit.  We hereby **AFFIRM** the district court's orders of March 28, 2013, which granted Defendants' motions to dismiss in the two related cases consolidated for this appeal.