Lovell v. Consolidated Edison Company

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of March, two thousand nineteen.

PRESENT:
>       **DENNIS JACOBS,**
>       **GERARD E. LYNCH,**
>               *Circuit Judges,*
>       **JANET C. HALL,\***
>               *District Judge.*

_____

**Marvin Lovell,**

>       *Plaintiff-Appellant,*

>       **v.**                                                                 **17-3924**

**Consolidated Edison Company of**

_____

\* Judge Janet C. Hall, United States District Court for the District of Connecticut, sitting by designation.

**New York, Inc.,**

        *Defendant-Appellee.*

_____

FOR PLAINTIFF-APPELLANT:        Marvin Lovell, pro se, Baldwin, NY.

FOR DEFENDANT-APPELLEE:        PAUL LIMMIATIS, Consolidated
                                   Edison Company of New York, Inc.,
                                   Law Department, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Amon, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Marvin Lovell, pro se, brings this suit against Consolidated Edison Company of New York, Inc. ("Con Ed") for violations of the New York State Human Rights Law ("NYSHRL"), the New York City Human Rights Law ("NYCHRL"), and the Uniformed Services Employment and Reemployment Rights Act ("USERRA"). Prior to this suit, Lovell filed a complaint under the NYCHRL and NYSHRL with the State Division of Human Rights ("SDHR"). After the SDHR found no probable cause to believe that Con Ed had engaged in discriminatory practices, Lovell brought an NYCHRL and NYSHRL action in state court. The state court dismissed the action on the grounds that (1) it was barred by election-of-remedies principles because Lovell had filed a claim with the SDHR and (2) it failed to state a cause of action under New York Civil Practice Law and Rules § 3211. Lovell then filed his complaint in this matter. The district court initially held that Lovell failed to state a claim, but allowed him to amend his complaint. It then denied in part Con Ed's motion to dismiss the amended complaint, allowing the USERRA claim to proceed. Con Ed moved for reconsideration, and the district court granted that motion and dismissed the complaint, reasoning that the USERRA claim arose out of the same series of

events that formed the basis of the state supreme court action and was thus precluded. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

This Court reviews the dismissal of Lovell's claims de novo, and we may affirm on any basis supported by the record. *Coulter v. Morgan Stanley & Co. Inc.*, 753 F.3d 361, 366 (2d Cir. 2014).

A panel of this Court dismissed all of Lovell's claims except the USERRA discrimination claim and ordered the parties to brief two issues on appeal: (1) whether the dismissal of the original state action was on the merits for purposes of res judicata; and (2) whether Lovell's USERRA claim could have been raised in state court. Lovell did not brief either issue and has thus forfeited them on appeal. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995) (observing that, even in the case of a pro se appellant, this Court "need not manufacture claims of error"); *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). Lovell failed to brief the above questions notwithstanding that a motions panel of this court ordered him to do so, and that would be sufficient grounds for affirmance. However, since the issues he was ordered to brief are technical legal questions, we have discretion to overlook the failure.

As to USERRA, Lovell failed to plead facts sufficient to confer standing. "Article III, Section 2 of the Constitution limits the [subject matter] jurisdiction of the federal courts to the resolution of 'cases' and 'controversies.'" *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) (citation and internal quotation marks omitted). To establish standing to sue in an Article III court, a plaintiff must show (i) injury-in-fact, (ii) causation, and (iii) redressability. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). Redressability requires that it "be likely, as opposed to merely speculative, that [Lovell's] injury will be redressed by a favorable decision." *Id.* at 561 (internal quotation marks omitted). "Because the standing issue goes to this Court's subject matter jurisdiction, it can

3

be raised *sua sponte.*" *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 433 F.3d 181, 198 (2d Cir. 2005).

Lovell lacks standing because he has not alleged an injury that is redressable by USERRA. USERRA provides for three types of remedies: (1) injunctive relief requiring compliance with USERRA; (2) lost wages and benefits; and (3) for willful violations, liquidated damages doubling the lost wages and benefits. 38 U.S.C. § 4323(d). The statute also empowers courts to use their "full equity powers" to vindicate rights protected by the statute. *Id*. § 4323(e). Lovell claims that his supervisors "ostracized [him] by stating verbally that he (Mr. Lovell) was in the military and would task (him) with more work than other supervisors in the same role." Appellant's App'x 35. Lovell has not alleged lost wages or benefits attributable to Con Ed's discriminatory treatment. Lovell no longer works at Con Ed, so any injury from his ostracism or disparate work assignments is not redressable by an injunction or the court's equity powers. Lovell has not stated a claim for constructive termination because he has not plausibly alleged that his working conditions were "so difficult or unpleasant that a reasonable person in [his] shoes would have felt compelled to resign." *Serricchio v. Wachovia Sec. LLC*, 658 F.3d 169, 185 (2d Cir. 2011). Accordingly, neither front pay nor reinstatement are available. *See Banks v. Travelers Cos.*, 180 F.3d 358, 365 (2d Cir. 1999) ("Because front pay and reinstatement are forward-looking remedies, they are inappropriate where the employment term would already have ended by the time of judgment.").

We have considered all of Lovell's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4