21-1353-cv
*Speer v. Norwich Public Utilities*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of March, two thousand twenty-two.

PRESENT:    JOSÉ A. CABRANES,
            REENA RAGGI,
            SUSAN L. CARNEY,
                    *Circuit Judges.*

---

SHERI SPEER,

                *Plaintiff-Appellant,*                    21-1353-cv

                v.

NORWICH PUBLIC UTILITIES, LLOYD LANGHAMMER,
DONNA SKAATS,

                *Defendants-Appellees.*[*]

---

**FOR PLAINTIFF-APPELLANT:**          Sheri Speer, pro se, Norwich, CT.

**FOR DEFENDANTS-APPELLEES:**         Taruna Garg, Murtha Cullina LLP,
                                      Stamford, CT, *for Norwich Public Utilities.*

---

[*] The Clerk of the Court is directed to amend the caption as set forth above.

No appearance, *for Lloyd Langhammer, Donna Skaats.*

Appeal from an order and judgment of the United States District Court for the District of Connecticut (Janet C. Hall, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order and judgment of the District Court be and hereby are **AFFIRMED**.

Appellant Sheri Speer, proceeding pro se, sued Norwich Public Utilities and two attorneys in connection with the April 2015 termination of utility services to her home. She claims disability discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, an Equal Protection Clause violation under 42 U.S.C. §§ 1983 and 1985, and intentional infliction of emotional distress ("IIED") under Connecticut state law. After granting a motion to dismiss by one of the attorney defendants, the District Court ordered Speer to show cause why her Complaint should not be dismissed in its entirety and why Speer should not be sanctioned. After Speer replied, the District Court *sua sponte* dismissed her Complaint as frivolous and imposed a leave-to-file sanction. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

The District Court had inherent authority to *sua sponte* dismiss Speer's Complaint as frivolous, even though she paid a filing fee. *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (per curiam). We review its decision to do so *de novo. Id.* at 364 n.2 (noting that the appropriate standard of review "is no longer clear," but that the *de novo* standard is "more rigorous"). And while the District Court concluded that Speer's claims fell outside the relevant statute of limitations, we "may affirm on any basis supported by the record," *Coulter v. Morgan Stanley & Co.*, 753 F.3d 361, 366 (2d Cir. 2014), including failure to state a claim for which relief may be granted, *see* Fed. R. Civ. P. 12(b)(6).

Speer's "claim[s] [are] based on . . . indisputably meritless legal theor[ies]." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citation and internal quotation marks omitted). Her ADA claim fails because Speer does not allege that Defendants acted "due to her disability," *Hamilton v. Westchester County*, 3 F.4th 86, 91 (2d Cir. 2021) (citation omitted), or that Speer's "disability made it difficult in any way for her to access benefits" and required a reasonable accommodation. *Tardif v. City of New York*, 991 F.3d 394, 405 (2d Cir. 2021). Her Equal Protection claim fails because she does not allege any similarly-situated comparators, much less comparators with "an extremely high degree of similarity" as is required for a class-of-one claim. *Clubside, Inc. v. Valentin*, 468 F.3d 144, 159 (2d Cir. 2006). And her IIED claim fails because the Bankruptcy Court concluded that Speer's utility shut-off was authorized by law, and therefore it was not "so outrageous . . . as to go beyond all possible bounds of decency." *Mara v. Rilling*, 921 F.3d 48, 79 (2d

2

Cir. 2019) (internal quotation marks omitted).  Thus, we dismiss for failure to state a claim, precluding any need to consider a potential statute of limitations defense.

The District Court did not abuse its discretion in imposing a leave-to-file sanction on Speer due to her "abuse [of] the judicial process." *Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005) (internal quotation marks omitted) (discussing the relevant factors).  Speer has vexatiously filed more than 40 notices of appeal of Bankruptcy Court orders.  Two of those appeals resulted in remands; of the remainder, at least 37 have been dismissed, or the underlying order affirmed.  Speer has also filed at least one complaint substantially duplicative of her complaint in this action, which was dismissed, as was her subsequent appeal.  The District Court within its discretion held that a less severe sanction would not suffice to deter Speer from further vexatious litigation, because Speer failed to pay a financial sanction imposed by the Bankruptcy Court.  And, contrary to Speer's position, the District Court provided her "notice and an opportunity to be heard." *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998).

We have reviewed all of the arguments raised by Speer on appeal and find in them no basis to reverse or vacate.  For the foregoing reasons, we **AFFIRM** the May 18, 2021, order and judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3