24-1279-cv
Boyette v. Montefiore Medical Ctr.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of January, two thousand twenty-five.

PRESENT: AMALYA L. KEARSE,
REENA RAGGI,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*.

------------------------------------------------------------------

SHEILA A. BOYETTE, individually and on behalf of all others similarly situated, TIFFANY JIMINEZ, individually and on behalf of all others similarly situated,

*Plaintiffs-Appellants*,

v.                                                                    No. 24-1279-cv

MONTEFIORE MEDICAL CENTER, THE BOARD OF TRUSTEES OF MONTEFIORE MEDICAL CENTER,

THE TDA PLAN COMMITTEE, DR.
MICHAEL STOCKER,

      *Defendants-Appellees.*[*]

------------------------------------------------------------------

| | |
|---|---|
| FOR APPELLANTS: | MARK K. GYANDOH, Capozzi Adler, P.C., Merion Station, PA |
| FOR APPELLEES: | MICHAEL B. KIMBERLY, McDermott Will & Emery LLP, Washington, DC (Charles Seidell, McDermott Will & Emery LLP, Washington, DC, John J. Calandra, McDermott Will & Emery LLP, New York, NY, *on the brief*) |

Appeal from a judgment of the United States District Court for the Southern District of New York (John G. Koeltl, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Appellants Sheila Boyette and Tiffany Jiminez appeal from an April 5, 2024 judgment of the United States District Court for the Southern District of New York (Koeltl, *J.*) denying as futile their motion for leave to file a third amended complaint and dismissing the case. Appellants are former Montefiore Medical

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

Center employees who participate in Montefiore's 403(b) retirement plan ("the Plan"). They contend that Appellees, who are responsible for the Plan's administration, breached their fiduciary duties under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1002(21)(A), 1104(a), 1105(a), 1109(a), 1132(a), by failing to monitor and control the Plan's recordkeeping fees. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

## I.    Duty of Prudence

We first consider Appellants' claim that Appellees managed the Plan imprudently, resulting in what they allege were the Plan's unreasonably excessive recordkeeping fees. The Plan paid for recordkeeping services through a combination of asset-based fees and revenue sharing, with costs calculated as a percentage of each participant's account balance. This resulted in annual per-participant fees ranging from $34 to $63.[1] The third amended complaint alleges that a reasonable per-participant fee range is $25 to $30 annually based on comparisons to other retirement plans.

---

[1] Appellant Jiminez paid at least $31 annually in recordkeeping fees, while Boyette paid "minimal" fees due to her low account balance. App'x 264.

3

"[W]hen denial of leave to file a revised pleading is based on a legal interpretation, such as futility, a reviewing court conducts a *de novo* review." *Balintulo v. Ford Motor Co.*, 796 F.3d 160, 164 (2d Cir. 2015). A proposed amendment is futile if it "could not withstand a motion to dismiss pursuant to [Federal Rule of Civil Procedure] 12(b)(6)." *In re IBM Arb. Agreement Litig.*, 76 F.4th 74, 87 (2d Cir. 2023) (quotation marks omitted). To state a claim for relief, the complaint in this case must adequately allege a violation of ERISA's requirement that fiduciaries act "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." 29 U.S.C. § 1104(a)(1)(B). Because ERISA fiduciaries face "difficult tradeoffs," we "give due regard to the range of reasonable judgments [they] may make based on [their] experience and expertise." *Hughes v. Northwestern Univ.*, 595 U.S. 170, 177 (2022).

Keeping in mind these principles, and in light of our recent decision in *Singh v. Deloitte LLP*, 123 F.4th 88 (2d Cir. 2024), which involves substantially the same claims as here, we affirm.

4

First, although Appellants identify multiple comparator plans with lower recordkeeping fees to support their claim that the Plan's fees were excessive, they fail to show that the Plan's fees were excessive "*relative to the services rendered*." *Id.* at 96 (quotation marks omitted) (emphasis added). In *Singh*, we explained that a plaintiff alleging excessive recordkeeping fees must provide "meaningful benchmark[s]" and cannot rely on bare allegations that other plans paid less. *Id.* at 95–96. Here, although the third amended complaint identifies several plans with lower per-participant fees, it fails to establish that these plans are suitable "apple-to-apple" comparators in terms of services provided and other relevant characteristics, *id.* at 95 (quotation marks omitted), especially since plans have flexibility to customize service packages based on their participants' needs.

Appellants also assert that recordkeeping services are "fungible" across providers, making detailed comparisons unnecessary. App'x 277. This argument fails for two reasons. First, the variation in fees among Appellants' own comparator plans contradicts their assertion that such services are standardized and "bel[ies] the implication that the allegation of a cost disparity alone, without some consideration of the surrounding context, categorically suggests imprudence." *Singh*, 123 F.4th at 95. Second, even if the ranges of

5

services were similar across plans, the complaint fails to sufficiently allege "what level of service the Plan provided [or] whether less expensive comparator plans provided a similar *quality* of service." *Id.* at 94 (quotation marks omitted) (emphasis added).

Nor do Appellants' remaining allegations move their prudence claim "from possibility to plausibility." *Id.* at 96 (quotation marks omitted). Appellants allege that Appellees failed to actively manage the Plan's fees. The complaint, however, also indicates that Appellees renegotiated the asset-based fee rate downward — from 0.00073 percent to 0.00037 percent, and later to 0.00029 percent. Such active fee management is at odds with a claim of imprudence. *See, e.g.*, *Matney v. Barrick Gold of N. Am.*, 80 F.4th 1136, 1156 (10th Cir. 2023) (finding assertions about imprudent recordkeeping fee management implausible where, among other factors, "the allegations show [defendants] 'regularly re-negotiated their fee arrangement . . . resulting in lower costs for participants'"). And although Appellants also challenge the Plan's asset-based fee structure with revenue sharing as imprudent, such arrangements do not categorically violate ERISA. The general allegations in the complaint do not suggest that using this structure itself was imprudent.

Finally, Appellants rely on a stipulation from Fidelity in an unrelated case to assert that the value of recordkeeping services provided by Fidelity to the plan in that litigation ranged from $14 to $21 per participant. We are not persuaded that the Fidelity plan, which had twice as many participants with five times the assets as the Plan here, is a relevant comparator. *See Singh*, 123 F.4th at 96.

## II. Failure to Monitor

Because we conclude that Appellants' underlying duty of prudence claim fails, their derivative duty to monitor claim fails as well. *See Coulter v. Morgan Stanley & Co. Inc.*, 753 F.3d 361, 368 (2d Cir. 2014).

We have considered Appellants' remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7